UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
HAROLD HARRIS,

               Plaintiff,                         **MEMORANDUM & ORDER**

     -against-                        Civil Action No. 08-3356

MICHAEL J. ASTRUE, Commissioner
of Social Security,

               Defendant.
------------------------------------------------------X

**APPEARANCES:**

**For the Plaintiff:**
Jeffrey Delott, Esq.
366 North Broadway, Suite 410
Jericho, NY 11753

**For the Defendant:**
Benton J. Campbell
United States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, NY 11722
By: Diane Leonardo Beckmann


**HURLEY, Senior District Judge:**

     Plaintiff, Harold Harris, ("Plaintiff") commenced this action pursuant to 42 U.S.C. §405(g)

seeking judicial review of a final decision by the Commissioner of Social Security (the

"Commissioner" or "Defendant") which denied his claim for disability benefits.  Presently before

the Court is Plaintiff's motions for attorneys fees and costs pursuant to the Equal Access to Justice

Act, 28 U.S.C. § 2412. For the reasons discussed below, the motion is granted.

## Background

Plaintiff applied for Social Security Disability and Supplemental Security Income benefits on February 1, 2006, which claim was denied on March 10, 2006. Plaintiff filed a timely request for a hearing by an administrative law judge ("ALJ") and an administrative hearing was held, after which the ALJ denied Plaintiff's claim. The ALJ found that Plaintiff was unable to perform his "past relevant work" but was not disabled because he had the residual functioning capacity ("RFC") to perform light work. Plaintiff's request to the Appeals Council to review the decision was denied, rendering the ALJ's decision the "final decision" of Defendant.

Plaintiff then commenced the instant action on August 18, 2008 seeking reversal and/or remand. On November 12, 2008, Defendant filed an answer asserting, inter alia, that the decision of the Commissioner was supported by substantial evidence in the record. By letter dated January 16, 2009, Defendant requested additional time to file motions while the parties discussed Defendant's offer to remand the matter. (Docket No. 5.) Thereafter, an agreement regarding remand of the matter not having been reached, Defendant filed its motion seeking reversal of the decision of the ALJ and a remand of the matter for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). Plaintiff opposed the motion to the extent of contending that the matter should be remanded solely for the calculation of Plaintiff's benefits. By Memorandum & Order dated November 16, 2009, the Court granted the relief sought by Plaintiff to the extent it reversed the decision of the ALJ. The remand, however, was not solely for the purpose of determining benefits but rather pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

Plaintiff now seeks attorney's fees in the amount of $6,836.27, calculated at the rate of $178.96 for 38.2 hours, and costs in the amount of $621.73, consisting of $350.00 for filing fees,

$130.00 service costs and $141.73 for electronic research fees.  Defendant opposes the motion to the extent that Plaintiff seeks attorney's fees in excess of $4,850.91, maintaining that no fees should be awarded after January 16, 2009 when Defendant's offer of remand was refused and that the rates of compensation for work should be $177.01 for 2008 and $177.53 for 2009.[1]

## Discussion

The Equal Access to Justice Acts provides in pertinent part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

28 U.S.C. § 2412(d)(1)(A).  To be entitled to statutory fees under § 2412(d) a claimant must satisfy four criteria: (1) the claimant must be a 'prevailing party'; (2) the Government's position cannot be "substantially justified"; (3) no "special circumstances" exists that make an award "unjust"; and (4) the fee application is timely submitted and "supported by an itemized statement."  *Kerin v. U.S. Postal Service*, 218 F.3d 185, 189 (2d Cir. 2000).  The reasonableness of attorney's  fees sought is a factual inquiry left to the discretion of the district court.  *Ferguson v. Apfel*, 2000 WL 709018, at *2 (E.D.N.Y. Ap. 17, 2000) (citing 461 U.S. 424, 434 (1983).

Defendant does not dispute that Plaintiff has satisfied the first, second, and fourth criteria.  Rather, he argues that special circumstance warrant a reduction in the fees sought.   According to Defendant, "Plaintiff refused to accept a remand unless EAJA fees were agreed upon prior to the entry of a judgment from the Court.  Conditioning a remand upon the payment of fees was not

---

[1] The Commissioner does not oppose Plaintiff's claim to $621.73 in costs.  (Def.'s Mem. in Opp. at 2 n.1.)

reasonable. Ultimately, the Court granted the Commissioner's motion for remand, with no more favorable directives attached to the order than Plaintiff would have received had he accepted the Commissioner's offer." (Def.'s Mem in Opp. at 4.)

Defendant is correct that courts have in some circumstance refused to grant fees for time expended after refusing to accept an offer of remand. *See, e.g., McLaurin v. Apfel*, 95 F. Supp. 2d 111, 116 (E.D.N.Y. 2000); *Quinn v. Astrue*, 2008 U.S. Dist. Lexis 101108 (N.D.N.Y. Dec. 15, 2008); *Beiro v. Astrue*, Civil Action No. 08-0304, slip op. at 5-10 (E.D.N.Y. Nov. 23 2009). In addressing this issue, the question is whether the litigant's refusal of the offer of remand was unreasonable. *See, e.g, McLaurin*. 95 F. Supp. 2d at 115-17. The circumstance of this case do not warrant such a conclusion.

Here, the offer of remand came after the action was commenced, months after Defendant's answer was filed, after Plaintiff's summary judgment papers had been prepared and sent to defense counsel on an informal basis, and after counsel had expended more than 25 hours prosecuting this action. Under these circumstances, it was not, as Defendant claims without citation to authority, unreasonable for Plaintiff to condition a remand upon the payment of fees. Moreover, although ultimately unsuccessful, Plaintiff's argument for remand to calculate benefits was not without merit. Finally, the Court notes that the hours spent after January 16, 2009 were not, for the most part, expended in opposing Defendant's motion for remand. In sum, the Court finds that Plaintiff's rejection of the offer to remand does not disentitle him to counsel fees after January 16, 2009.

Two other matters raised by Defendant need to be addressed albeit briefly, to wit the hourly rate for counsel fees and to whom the award should be paid.

Defendant acknowledges that attorney's fees under 28 U.S.C. §2412 are to be awarded at the

rate of $125 as adjusted by the consumer price index for the relevant community, i.e. the district in which the Court sits. (Def.'s Mem. at 6) Curiously, it opposes the rate sought by Plaintiff which is based on the consumer price index for all urban consumers ("CPI-U") "N.Y. - Northern N.J. - Long Island, NY-MJ-CT". Rather Defendant contends that the CPI-U "U.S.City Average" should be used resulting in rate of $177.01 and $177.53 for 2008 and 2009, respectively, as opposed to the $178.96 sought by Plaintiff. The Court finds that the $178.96 rate sought by Plaintiff is appropriate as it is based on the CPI-U for the district in which the Court sits.

Finally, Defendant contends that the award should be to Plaintiff, rather than counsel because Plaintiff has not assigned his fee award to counsel. (Def.'s Mem. at 9.) However, included in Plaintiff's reply papers is a copy of such an assignment. Accordingly, reimbursement should be made to Plaintiff's counsel.

## Conclusion

Plaintiff's motion for attorney's fees and costs is granted for a total of $7,458.00, with reimbursement to be paid to counsel for Plaintiff.

**SO ORDERED.**

Dated: Central Islip, New York
March 31, 2010

/s/_____
Denis R. Hurley
Senior District Judge